IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN MARTINEZ,<br><br>    Petitioner,<br><br>vs.<br><br>DOUGLAS COUNTY BOARD OF MENTAL HEALTH, MICHAEL D. MCCLELLAN, Chairperson; MICHELLE MILLER-MCCOY, Chairperson; ERIC W. WELLS, #23694 Deputy County Attorney; DR. JEFF MELVIN, Ph.D #334, Licensed Psycologist; and DOUGLAS COUNTY PUBLIC DEFENDERS OFFICE,<br><br>    Respondents. | 8:20CV271<br><br>**MEMORANDUM AND ORDER** |
| ADRIAN MARTINEZ,<br><br>    Petitioner,<br><br>vs.<br><br>TOM BARR, Hospital Administrator; KRIS BOE SIMMONS, Clinical Program Manager; DR. STEPHEN O'NEILL, MD Clinical Director, Staff Psychiatrist; DIANE SCHUMAKER, PAC; DR. MARGARET DONOVAN, Ph.D Director of Psycology; DR. JEAN A. LAING, Ph.D Clinical Psychologist; and TABETHA E. WAGGONER, LCSW, MSW, LMHP Sex Therapist;<br><br>    Respondents. | 8:20CV272<br><br>**MEMORANDUM AND ORDER** |

These consolidated cases are before the court on preliminary review of Petitioner Adrian Martinez's Petition for Writ of Habeas Corpus (filings 1, 4, & 9, Case No. 8:20CV271; filings 1, 4, & 9, Case No. 8:20CV272)[1] brought pursuant to 28 U.S.C. § 2254. The court must conduct an initial review of Petitioner's petition to determine whether his claims are potentially cognizable in federal court. A habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, he submitted three separate handwritten documents totaling over 50 pages and a 27-page "Memorandum of Law Brief in Support" (filing 4) that is prolix, repetitive, does not clearly indicate the grounds alleged, and appears to assert claims for relief under 42 U.S.C. § 1983, which is not permitted in a habeas corpus action. Petitioner's petition is, therefore, insufficient, and the court will not act upon it. However, on the court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus that clearly presents all his claims for relief.[2] The court will direct the clerk of the court to send to Petitioner the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody.

In filing an amended petition, Petitioner should also name a proper respondent. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United*

---

[1] For purposes of initial review, the Petition for Writ of Habeas Corpus includes the petitions filed in Case No. 8:20CV271 and Case No. 8:20CV272, the supplemental petition originally filed in Case No. 8:20CV408 (filing 9), and Petitioner's "Memorandum of Law Brief in Support" (filing 4) (collectively the "petition"). Unless otherwise specified, citations to the record are to the lead case, 8:20CV271.

[2] In filing an amended petition, Petitioner need not resubmit any of the supporting exhibits already on file with the court and may incorporate his exhibits in his amended petition by reference. (Filing 5.)

*States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Because Petitioner is held at the Norfolk Regional Center, the proper respondent in a challenge to his current placement at the Norfolk Regional Center would be Tom Barr, Norfolk Regional Center Facility Operating Officer. The other NRC employees, Mental Health Board members, and Douglas County employees Petitioner has named as respondents in his petition are not proper parties to this action.

Petitioner's petition also includes a request for the appointment of counsel. (*See, e.g.*, Filing 1 at CM/ECF p. 1; Filing 4 at CM/ECF p. 27.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. The pending petition (filings 1, 4, & 9, Case No. 8:20CV271; filings 1, 4, & 9, Case No. 8:20CV272) is deemed insufficient and the court will not act upon it.

3

2.  By **February 16, 2021**, Petitioner shall file an amended petition for writ of habeas corpus that clearly presents all his claims for relief and in which he names a proper respondent. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number. **Petitioner is warned that the amended petition will supersede, not supplement, all his previous petitions.** Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3.  The clerk of the court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4.  The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **February 16, 2021**: Check for amended petition.

5.  Petitioner's request for the appointment of counsel is denied without prejudice to reassertion.

Dated this 14th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge