IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN MARTINEZ,<br><br>    Petitioner,<br><br> vs.<br><br>DON WHITMIRE, Acting Hospital Administrator,[1]<br><br>    Respondent. | **8:20CV271**<br><br>**MEMORANDUM AND ORDER** |
| ADRIAN MARTINEZ,<br><br>    Petitioner,<br><br> vs.<br><br>DON WHITMIRE, Acting Hospital Administrator;<br><br>    Respondent. | **8:20CV272**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on preliminary review of Petitioner Adrian Martinez's Amended Petition for Writ of Habeas Corpus (filings 13, 14, & 4, Case No. 8:20CV271; filing 15, Case No. 8:20CV272)[2] brought pursuant to 28 U.S.C. §

---

[1] In his Amended Petition (filing 13, Case No. 8:20CV271; filing 15, Case No. 8:20CV272), Petitioner has listed Don Whitmire, Acting Hospital Administrator, as the sole respondent in this matter. Accordingly, the court will direct the clerk's office to update the court's records to reflect that Don Whitmire is the sole proper respondent and to terminate the parties previously named in Petitioner's original habeas petition (filing 1, Case No. 8:20CV271; filing 1, Case No. 8:20CV272).

[2] For purposes of this review, the Amended Petition for Writ of Habeas Corpus includes the Amended Petition (filing 13, Case No. 8:20CV271; filing 15, Case No. 8:20CV272), Petitioner's "Memorandum of Law" (filing 14), and "Memorandum of Law

2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner is illegally confined in violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments because the Douglas County Mental Health Board ("Board") lacked probable cause and jurisdiction to commit him as a dangerous sex offender under the Nebraska Sex Offender Commitment Act ("SOCA"), Neb. Rev. Stat. §§ 71-1201 to 71-1226, because Petitioner has never been charged with, convicted of, or served a sentence for a sexually violent offense as defined in Neb. Rev. Stat. § 29-4003(1)(a)(i)(A)–(N).

Claim Two: Petitioner's due process and equal protection rights under the Fifth and Fourteenth Amendments were violated because the Board (1) refused to provide Petitioner with a certified hearing transcript needed for appellate and habeas corpus collateral attack purposes; (2) refused to provide Petitioner with mandatory and periodic post commitment review hearings; and (3) denied Petitioner his state created right to appointment of counsel under Neb. Rev. Stat. §§ 71-945, 71-946, and 71-959(9) in post commitment proceedings.

---

Brief in Support" (filing 4) as it is clear from Petitioner's filings that he intended to incorporate all these documents in the Amended Petition. (*See* Filing 11; Filing 13 at CM/ECF p. 5; Filing 14 at CM/ECF pp. 2–4.) *See also* NECivR 15.1(b) (court may consider pro se litigants' amended pleadings as supplemental to original pleading). Unless otherwise specified, citations to the record are to the lead case, 8:20CV271.

> Claim Three: Petitioner was denied his "constitutional right to competent counsel" in violation of the Sixth Amendment because counsel (1) failed to point out and challenge the State's presentation of false evidence of a 1988 Texas sexual assault conviction; (2) failed to file a notice of appeal or collaterally attack Petitioner's commitment via habeas corpus; (3) abandoned Petitioner's case; and (4) labored under conflicts of interest. (Filing 13 at CM/ECF p. 8; Filing 4 at CM/ECF pp. 20–22.)

The court determines that these claims,[3] when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

---

[3] Petitioner also alleges (1) the Norfolk Regional Center hospital authorities violated his Eighth and Fourteenth Amendment rights by refusing to seek Petitioner's release under Neb. Rev. Stat. §§ 71-1220 and 71-1221 in "[d]ereliction of duty . . . to protect the Petitioner's federally protected rights, due process rights, to remain free from 'unjustified', hence, illegal cruel and unusual punitive confinement" and (2) "[c]ivil and criminal conspiracies to obstruct the above constitutional/statutory rights and the equal protection to due course of justice under 42 USC [§] 1985(2)(3), 42 USC [§] 1986, 18 USCA [§§] 241, 242 etc." (Filing 14 at CM/ECF pp. 4, 46.) These claims are not cognizable in a federal habeas corpus action as the claims do not challenge the legality of Petitioner's confinement but rather appear to seek injunctive or monetary relief for ongoing violations of Petitioner's civil rights. Such claims are properly brought in an action pursuant to 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Kriz v. 12th Jud. Dist. Bd. of Mental Health of Box Butte Cty.*, No. 4:05CV3254, 2008 WL 2568270, at *5 (D. Neb. June 25, 2008) (finding civilly committed plaintiff's Fourteenth Amendment due process claim properly brought under § 1983 where plaintiff alleged state officials failed to provide him with reviews and other protections to ensure that the State remained empowered to detain him). Accordingly, these claims are dismissed without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the amended habeas corpus petition (filings 13, 14, & 4, Case No. 8:20CV271; filing 15, Case No. 8:20CV272), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **May 27, 2021**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **May 27, 2021**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed

insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.  No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.  If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.  If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.  By **May 27, 2021**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-

      (d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.     No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.     Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner

        must not submit any other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **June 28, 2021**: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. The clerk's office is directed to update the court's records to reflect that Don Whitmire, Acting Hospital Administrator, is the sole proper respondent in this action.

Dated this 12th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge