IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN MARTINEZ,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>　　　　　Respondent. | **8:20CV271**<br><br>**MEMORANDUM AND ORDER** |
| ADRIAN MARTINEZ,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>DON WHITMIRE, Acting Hospital Administrator;<br><br>　　　　　Respondent. | **8:20CV272**<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the court on Petitioner's motion for copies. (Filing 15, Case No. 8:20CV271; Filing 16, Case No. 8:20CV272.)[1] Petitioner asks the court to provide him a copy of his 76-page Memorandum of Law (filing 14) filed on March 12, 2021. Petitioner states that he is housed in a dry cell in a maximum security unit at the Norfolk Regional Center ("NRC") where he is limited to "12 inches of paper . . . includ[ing] legal document materials." (Filing 15 at CM/ECF p. 1.) Petitioner further states he is entitled to free legal photo copies as an indigent pro se litigant under NRC policy, but that he was unable to obtain a photo copy of his Memorandum of Law before sending it to the court because, as best the court

---

[1] Unless otherwise specified, citations to the record are to the lead case, 8:20CV271.

can tell, he did not trust the staff made available to him to provide him with copies and "the treatment program manager, Kris Boe Simmons, . . . refused to approve and assign a qualified health care professional that is sufficiently competent and trustworthy to make legal copies." (*Id*. at CM/ECF p. 2.)

Pursuant to 28 U.S.C. § 2250,

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

While Petitioner has been granted leave to proceed in forma pauperis, he is still required to demonstrate a need for the copies he requests. *See Cassidy v. United States*, 304 F. Supp. 864, 867–68 (E.D. Mo. 1969), *aff'd*, 428 F.2d 585 (8th Cir. 1970) ("The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need."). The court has summarized and condensed Petitioner's habeas claims in its progression order (filing 16) entered this same date and considered Petitioner's Memorandum of Law in doing so. Thus, all parties are aware of the claims at issue and this matter will proceed in accordance with the progression order. Upon careful consideration and given the stage of the proceedings, the court concludes that Petitioner has not demonstrated a need for a copy of his Memorandum of Law.[2]

---

[2] Petitioner is, of course, free to contact this court's clerk's office to determine the proper method for requesting and paying for copies. *See* NEGenR 1.3(a)(1)(A)(iii) ("Paper and certified copies of electronically filed documents may be purchased from the clerk for a fee collected under 28 U.S.C. § 1914.").

IT IS THEREFORE ORDERED that: Petitioner's motion for copies (filing 15, Case No. 8:20CV271; filing 16, Case No. 8:20CV272) is denied without prejudice to reassertion.

Dated this 12th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge