# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN MARTINEZ,<br><br>    Petitioner,<br><br>v.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>    Respondent. | **8:20CV271**<br><br>**MEMORANDUM AND ORDER** |
| ADRIAN MARTINEZ,<br><br>    Petitioner,<br><br>v.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>    Respondent. | **8:20CV272**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Petitioner's Motion for Leave of Court for Discovery and Admissions (filing 22),[1] what the court construes as a Motion for Admissions (filing 20) and Motion for Production of Documents (filing 21), and

---

[1] Unless otherwise specified, citations to the record are to the lead case, 8:20CV271.

Petitioner's Objection to Respondent's Motion to Extend Deadline (filing 26, Case No. 20CV271; filing 24, Case No. 20CV272).

In Petitioner's request for leave to conduct discovery, Petitioner seeks "relevant documentary evidence . . . include[ing] post-commitment psychological assessments in support of the presumed 'legal basis' for the Petitioner's commitment" and "admissions concerning relevant issues of fact and law that is readily available in Respondent's record documents." (Filing 22 at CM/ECF pp. 1–2 (punctuation corrected).)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Williams v. Steele*, 2013 WL 5838727, at *2 (E.D. Mo. Oct. 30, 2013) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." As set forth in the court's progression order (filing 16), Respondent is required to file any necessary state court records in support of a motion for summary judgment or, if Respondent elects to file an answer, all state court records relevant to Petitioner's claims. The progression order also provides a procedure through which Petitioner may seek additional records if he deems the designation of state court records insufficient or needs additional records from the designation. Specifically, the progression order states:

> In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

(Filing 16 at CM/ECF pp. 4–5, 6.)

Here, Respondent has not yet filed a motion for summary judgment with supporting state court records or state court records in support of an answer. On May 26, 2021, the court granted Respondent's motion for extension and gave Respondent until June 28, 2021 to file a motion for summary judgment or state court records in support of an answer. Accordingly, the court finds a lack of good cause for discovery at this time and will deny Petitioner's discovery motions as premature.[2]

In addition, because the court granted Respondent's motion for an extension of time to file a summary judgment motion or state court records in support of an answer, Petitioner's objection to the extension (filing 26) will be denied as moot.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave of Court for Discovery and Admissions (filing 22), Motion for Admissions (filing 20), and Motion for Production of Documents (filing 21) are denied without prejudice to reassertion.

2. Petitioner's Objection to Respondent's Motion to Extend Deadline (filing 26, Case No. 20CV271; filing 24, Case No. 20CV272) is denied as moot.

---

[2] Moreover, to the extent Petitioner seeks discovery to support his habeas claims, he would be required to show that he has satisfied the conditions prescribed by 28 U.S.C. § 2254(e)(2). Under 28 U.S.C. § 2254(e)(2) "[a] habeas petitioner must develop a factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). "The petitioner's failure to develop in state court an adequate record for relief within the meaning of § 2254(e)(2) bars any discovery on that claim in federal court." Brian R. Means, Federal Habeas Manual § 6.12 (citing *Holland v. Jackson*, 542 U.S. 649, 653 (2004) (§ 2254(e)(2) "restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence without an evidentiary hearing")). This is so because a federal habeas court is "not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

Dated this 24th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge