IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN MARTINEZ,<br><br>　　Petitioner,<br><br>v.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>　　Respondent. | **8:20CV271**<br><br><br>**MEMORANDUM AND ORDER** |
| ADRIAN MARTINEZ,<br><br>　　Petitioner,<br><br>v.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>　　Respondent. | **8:20CV272**<br><br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the court on Petitioner's correspondence (filing 32)[1] and Motion for Entry of Default Judgment (filing 33) and Respondent's Motion to Extend Deadline to File Answer and Brief in Support of Answer (filing 34). The court will address each item in turn.

---

[1] Citations to the record are to the lead case, 8:20CV271, unless otherwise noted.

## I. CORRESPONDENCE REGARDING ACCESS TO COURTS

On July 15, 2021, the court received Petitioner's correspondence which he labeled "Judicial Notice" and "Denial Access to Courts and Legal Copies Complaint" (hereinafter "Notice"). (Filing 32 at CM/ECF p. 1.) In the Notice, Petitioner "asserts and notifie[s] the court that his constitutional right to meaningful access to courts to effectively litigate and prosecute his claims in this matter has been severely impeded." (Id.) Petitioner states he no longer has access to the Fast Case online legal research database service because Respondent and other Norfolk Regional Center ("NRC") officials failed to renew its contract and pay the user fees and that Treatment Program Manager, Kris Boe Simmons, continues to refuse to assign a competent and trustworthy health professional to make Petitioner's legal copies.

Petitioner's Notice appears to be simply that—a notice to the court of his current situation with regards to his ability to access the courts. Petitioner does not ask the court for any type of relief, and the court, therefore, will not take any action on Petitioner's Notice. *See* NECivR 7.1(a) ("A moving party must state the basis for the motion and the specific relief requested."). To the extent Petitioner seeks to file a "complaint" regarding his lack of access to the courts, he may do so by filing a separate civil action under 42 U.S.C. § 1983.

## II. MOTION FOR ENTRY OF DEFAULT JUDGMENT

On July 23, 2021, Petitioner filed a Motion for Entry of Default Judgment. (Filing 33.) Petitioner contends that Respondent has failed to act diligently in securing Petitioner's confidential state court records and that Respondent's failure to file his answer and separate brief by June 28, 2021 "is clearly an [i]nexcusable delay tactic" warranting entry of a default judgment in Petitioner's favor. (Id. at CM/ECF pp. 3–5.)

Pursuant to the court's progression order, Respondent was required to file a

motion for summary judgment or state court records in support of an answer by May 27, 2021. (Filing 16.) The court subsequently granted Respondent's motion to extend that deadline to June 28, 2021. (Filing 24; TEXT ORDER 25.) Respondent then filed a Designation of State Court Records in support of his answer by the June 28, 2021 deadline. (Filing 28; Filing 30.) Contrary to Petitioner's assertion, Respondent was not required to file his answer and separate brief by June 28, 2021. As set forth in the court's progression order, Respondent has 30 days after filing the relevant state court records to file his answer and separate brief. (Filing 16 at CM/ECF p. 6.) Thus, Respondent's answer and brief were not due until July 28, 2021. Accordingly, the court will deny Petitioner's Motion for Entry of Default Judgment (filing 33) as Respondent has not failed to file a timely answer and brief.

### III. RESPONDENT'S MOTION FOR EXTENSION OF TIME

Respondent requests a 7-day extension of time to file his answer and separate brief which would extend the deadline from July 28, 2021, to August 4, 2021. Upon careful consideration and for good cause shown, the court finds that Respondent's motion should be granted and that the extension is in the interests of justice and will not unnecessarily delay the adjudication of this matter.

IT IS THEREFORE ORDERED that:

1.　The court will take no action on Petitioner's correspondence (filing 32, Case No. 8:20CV271; filing 30, Case No. 8:20CV272) filed on July 15, 2021.

2.　Petitioner's Motion for Entry of Default Judgment (filing 33, Case No. 8:20CV271; filing 31, Case No. 8:20CV272) is denied.

3.　Respondent's Motion to Extend Deadline to File Answer and Brief in Support of Answer (filing 34, Case No. 8:20CV271; filing 32, Case No. 8:20CV272) is granted. Respondent shall have until August 4, 2021, to file his answer and separate brief. The Clerk of Court is directed to set a pro se case management

deadline using the following text: **August 4, 2021**: check for Respondent's answer and separate brief.

Dated this 2nd day of August, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge