IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>Respondent. | **8:20CV271**<br><br><br>**MEMORANDUM AND ORDER** |
| ADRIAN MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>Respondent. | **8:20CV272**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Petitioner's "Motion [for] Entry of Court Order" (filing 37, Case No. 8:20CV271; filing 35, Case No. 8:20CV272), two "Supplemental Motion[s] for Writ of Habeas Corpus" (filings 45 & 48, Case No. 8:20CV271; filings 43 & 46, Case No. 8:20CV272), "Rule 7 Motion to Expand the Records" (filing 51, Case No. 8:20CV271; filing 49, Case No. 8:20CV272), and

Motion for Extension of Time (filing 52, Case No. 8:20CV271; filing 50, Case No. 8:20CV272).[1] Each motion will be addressed below.

## I. MOTION FOR ENTRY OF COURT ORDER/EXPAND THE RECORD

On August 4, 2021, Petitioner filed his "Motion [for] Entry of Court Order," in which he seeks an order to compel Respondent to provide legal photo copying services to allow Petitioner to provide to the court copies of alleged newly discovered exculpatory evidence consisting of records from the Nebraska Department of Correctional Services ("NDCS"). (Filing 37.) Specifically, the alleged exculpatory evidence consists of a December 7, 2015 NDCS "LB 1199 psychological evaluation by Amber Garcia, Psy.D., Provisional License #520, supervised by Stephanie Bruhn, Ph.D., License #681" (hereinafter "2015 evaluation") and the accompanying affidavits of Garcia and Bruhn. (*Id*. at CM/ECF p. 3 (punctuation altered).) The court liberally construed Petitioner's motion as a motion to expand the record under Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts* and ordered Respondent to respond to Petitioner's motion. (Filing 39.) Respondent timely filed an Index of Evidence (filing 49) and Reply (filing 50) on August 23, 2021.

Respondent's Reply addresses the two issues raised in Petitioner's motion. First, Petitioner claims that since February 18, 2021, he has been confined to the disciplinary unit at the Norfolk Regional Center ("NRC") and has "been forced to prepare duplicate handwritten pleadings for submission to this court and to Respondent[']s attorney[,]" and that staff members have "refuse[d] to provide photocopying services concerning legal documents essential to access to courts." (Filing 37 at CM/ECF p. 1 (punctuation altered).) Second, Petitioner claims that on July 21, 2021, he received "newly discovered exculpatory evidence from [NDCS]" in the form of the 2015 evaluation that he seeks to add to the record of these proceedings. These issues will be addressed in turn.

---

[1] Unless otherwise specified, citations to the record are to the lead case, 8:20CV271.

## A. Access to Photocopying Services

Respondent has provided evidence outlining NRC's policy regarding legal photocopying services for indigent patients as well as evidence detailing Petitioner's grievances regarding NRC's copying services and NRC staff's responses to Petitioner. Specifically, NRC policy provides, "When an indigent patient represents themselves in a legal matter and is in need of copies of documents required to be filed or submitted to the court, the request goes through the Social Work department." (Filing 49-2.) As the evidence shows, Petitioner routinely fails to follow NRC's policy and procedures in requesting legal documents to be photocopied. Rather than refusing to provide him with photocopying services, NRC staff have repeatedly informed Petitioner to follow the proper procedures to obtain copies while still providing him copies. (*See* Filing 49-5; Filing 49-6; Filing 49-7; Filing 49-8; Filing 49-9, ¶ 5; Filing 49-10).

The crux of Petitioner's complaint about the alleged lack of photocopying services is the fact that he does not want to follow the normal procedure of obtaining copies through his assigned social worker, whom he states he does not trust and deems incompetent. (*See* Filing 49-7; Filing 49-11; *see also* Filing 52 at CM/ECF pp. 2–4.) Whatever his objections to the NRC policies and procedures for obtaining copies may be, it is clear that NRC is not denying him access to legal copies. Any failure to obtain legal copies derives from Petitioner's own refusal to follow the established procedures. As such, his motion for a court order to obtain legal copies will be denied.

## B. Expanding the Record

As construed by the court, Petitioner seeks to expand the record in these proceedings by submitting the 2015 evaluation and accompanying NDCS records for the court's review. It is evident from Petitioner's motion as well as his Supplemental Motions for Writ of Habeas Corpus (filings 45 & 48), discussed

below, that Petitioner has the documents he seeks to enter into the record in his possession. The court is not opposed to allowing Petitioner to submit the documents in support of his claims for federal habeas relief for this court's review. *See* Brian R. Means, Federal Habeas Manual § 5:10 ("Rule 7 does not require a litigant to secure a court order before submitting materials for the court to consider.") (citing *Shah v. U.S.*, 878 F.2d 1156, 1162 (9th Cir. 1989)). However, pursuant to Rule 7(c) of the Rules Governing Section 2254 Cases, "[t]he judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Accordingly, the court will grant Petitioner leave to submit the documents he wishes to expand the record with to the court and to Respondent's counsel as required under Rule 7(c). Petitioner shall submit the documents no later than 30 days from the date of this order.

## II. SUPPLEMENTAL MOTIONS FOR WRIT OF HABEAS CORPUS

On August 13, 2021, and August 23, 2021, Petitioner filed what he captioned "Supplemental Motion[s] for Writ of Habeas Corpus Based on Newly Discovered Exculpatory Evidence and Additional Claim for Relief" (hereinafter "Supplemental Motions"). (Filings 45 & 48.) In his Supplemental Motions, Petitioner reiterates his discovery of the alleged exculpatory evidence (i.e. the 2015 evaluation) and seeks to add two additional claims. Specifically, Petitioner alleges (1) violations of his rights under the Fourth and Fourteenth Amendments because Douglas County Deputy Attorney Eric. W. Wells lacked probable cause to file a petition under the Nebraska Sex Offender Commitment Act ("SOCA") because Petitioner has no current or past conviction for a sexually violent offense as defined in Neb. Rev. Stat. § 29-4003(1)(a)(i)(A)–(N) and (2) violations of his rights under the Fourth, Fifth, and Fourteenth Amendments because Douglas County Deputy Attorney Eric. W. Wells committed a "*Brady* violation, 373 U.S. 83 (1963), by suppressing and withholding material exculpatory documentary evidence" at the April 26, 2018 SOCA hearing. (Filing 45 at CM/ECF pp. 1–2; Filing 48 at CM/ECF pp. 1–2.) Petitioner attached to one of his Supplemental Motions the affidavits of Garcia and Bruhn related to the 2015 evaluation. (Filing 48 at CM/ECF pp. 13–14.) Petitioner asks the court to grant

his motion for additional claims for relief and order his immediate release. (*Id.* at CM/ECF p. 10.)

Liberally construed, Petitioner's Supplemental Motions seek to amend his habeas petition to add two additional claims. Rule 15 of the Federal Rules of Civil Procedure provides: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 is made applicable to habeas proceedings by 28 U.S.C.A. § 2242, Fed. R. Civ. P. 81(a)(4), and Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Here, Petitioner filed his Supplemental Motions within 21 days of Respondent filing and serving his Answer and Brief. Upon consideration, the court will grant Petitioner's Supplemental Motions to the extent that Petitioner will be allowed to amend and supplement his habeas petition to add the two claims identified in his motions. *See* NECivR 15.1(b) (court may consider pro se litigants' amended pleadings as supplemental to original pleading). The court finds that these two additional claims are potentially cognizable in federal court.[2] For ease of reference, the court will restate all of Petitioner's claims here, incorporating the court's previous order setting forth Petitioner's claims. (Filing 16.) Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner is illegally confined in violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth

---

[2] *See United States v. Edwards*, 777 F. Supp. 2d 985, 990, 998 (E.D.N.C. 2011) (holding the *Brady* rule applied in federal civil commitment proceedings for sexually dangerous persons); *see also United States v. Searcy*, 880 F.3d 116, 125 (4th Cir. 2018) (citing with approval to *Edwards*).

|  |  |
|---|---|
|  | Amendments because the Douglas County Mental Health Board ("Board") lacked probable cause and jurisdiction to commit him as a dangerous sex offender under the Nebraska Sex Offender Commitment Act ("SOCA"), Neb. Rev. Stat. §§ 71-1201 to 71-1226, because Petitioner has never been charged with, convicted of, or served a sentence for a sexually violent offense as defined in Neb. Rev. Stat. § 29-4003(1)(a)(i)(A)–(N). |
| Claim Two: | Petitioner's due process and equal protection rights under the Fifth and Fourteenth Amendments were violated because the Board (1) refused to provide Petitioner with a certified hearing transcript needed for appellate and habeas corpus collateral attack purposes; (2) refused to provide Petitioner with mandatory and periodic post commitment review hearings; and (3) denied Petitioner his state created right to appointment of counsel under Neb. Rev. Stat. §§ 71-945, 71-946, and 71-959(9) in post commitment proceedings. |
| Claim Three: | Petitioner was denied his "constitutional right to competent counsel" in violation of the Sixth Amendment because counsel (1) failed to point out and challenge the State's presentation of false evidence of a 1988 Texas sexual assault conviction; (2) failed to file a notice of appeal or collaterally attack Petitioner's commitment via habeas corpus; (3) abandoned Petitioner's case; and (4) labored under conflicts of interest. (Filing 13 at CM/ECF p. 8; Filing 4 at CM/ECF pp. 20–22.) |
| Claim Four: | Petitioner's rights under the Fourth and Fourteenth Amendments were violated because Douglas County |

6

|  |  |
|---|---|
|  | Deputy Attorney Eric. W. Wells lacked probable cause to file a petitioner under the Nebraska Sex Offender Commitment Act ("SOCA") because Petitioner has no current or past conviction for a sexually violent offense as defined in Neb. Rev. Stat. § 29-4003(1)(a)(i)(A)–(N). |
| Claim Five: | Petitioner's rights under the Fourth, Fifth, and Fourteenth Amendments were violated because Douglas County Deputy Attorney Eric. W. Wells violated *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing and withholding material exculpatory documentary evidence at the April 26, 2018 SOCA hearing. |

In light of the court's ruling, the court will direct Respondent to file an amended answer and supplemental initial brief within 45 days from the date of this order[3] addressing Petitioner's additional habeas claims. In all other respects, including Petitioner's request for release, Petitioner's Supplemental Motions are denied.

### III. RULE 7 MOTION TO EXPAND THE RECORD

On August 25, 2021, Petitioner filed a "Rule 7 Motion to Expand the Records" expressly asking that Respondent provide a copy of the following documents:

1) The 2015 evaluation,
2) A certified and complete transcript, i.e. Bill of Exceptions, of the April 26, 2018 SOCA hearing,

---

[3] The court took into account Petitioner's 30-day deadline to submit the documents with which he wishes to expand the record in setting Respondent's amended answer and supplemental brief deadline. Respondent may request an extension of time to prepare his amended answer and brief if necessary depending on when or if Petitioner submits the additional documents.

7

3) Petitioner's 76-page Memorandum of Law filed on March 12, 2021,
4) A certified copy of the Board's February 11, 2020 order denying Petitioner's first request for counsel,
5) A certified copy of the Board's March 4, 2020 order denying Petitioner's second request for counsel from the Petitioner's pending request for review filed November 12, 2019,
6) A certified copy of Deputy County Attorney Eric W. Wells' March 23, 2020 motion to continue Petitioner's review hearing scheduled for April 7, 2020, and
7) A certified copy of the Board's March 24, 2020 order continuing the Petitioner's review hearing set for April 7, 2020 to an indeterminate later time and date.

(Filing 51.)

Rule 7 permits the court to direct the parties to expand the record by submitting additional materials relating to the petition. However, this power is permissive and granted or denied at the court's discretion.

The documents identified above in numbers 3, 4, 5, 6, and 7 are already on file with the court. (*See* Filing 14; Filing 30-5 at CM/ECF pp. 24–25, 27–28, 49–50, & 51.) Petitioner's request for Respondent to provide a copy of the 2015 evaluation is denied for the reasons discussed in Section I above.

With respect to Petitioner's request for a certified and complete transcript or Bill of Exceptions of the April 26, 2018 SOCA hearing, the court understands his request as seeking to supplement the record with the verbatim transcription of the testimony and proceedings of the April 26, 2018 hearing before the Douglas County Board of Mental Health, which has not been previously prepared. (Filing 51 at CM/ECF p. 2 (noting contact information for court reporter); *see also* Filing 30-5 at CM/ECF p. 5.) Respondent filed the Designation of State Court Records (filings 28 & 30) on June 28, 2021, and included "all relevant state court records." (Filing 42 at

8

CM/ECF p. 6, Answer at ¶ 21.) Respondent avers that he is unaware of any relevant transcripts or bills of exceptions related to Petitioner's state court cases before the Mental Health Board, the Madison County District Court, the Nebraska Court of Appeals, or the Nebraska Supreme Court, other than those already filed with the Designation of State Court Records in Support of Answer. (*Id.* at CM/ECF pp. 6–7, Answer at ¶ 22.)

Petitioner alleges the records he seeks are "relevant and critical for the Petitioner to adequately file his answer and brief in support." (Filing 51 at CM/ECF p. 5 (spelling corrected).) However, in his answer and supporting brief, Respondent asserts that Petitioner's habeas claims have been procedurally defaulted, fail to state a cognizable claim for relief, or are without substantive merit. (Filing 42 at CM/ECF pp. 7–8, Answer at ¶¶ 25 – 27; Filing 43 at CM/ECF pp. 22–35.) The U.S. Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Upon careful consideration, the court concludes that expansion of the record with a transcript not previously considered by the state appellate courts is not warranted at this time. Respondent's primary argument is that all of Petitioner's claims have been procedurally defaulted, and the court does not address the merits of a procedurally defaulted claim unless a petitioner can overcome the default. Because Petitioner has yet to respond to Respondent's brief in this case, Petitioner has not overcome any such default, nor does he demonstrate how the requested transcript is relevant to any showing of cause or prejudice to overcome any default, particularly since the exhibits considered by the Board and the Board's findings from the April 26, 2018 hearing are already part of the record. (*See generally* Filing 30-2; Filing 30-3.) Accordingly, the court will deny Petitioner's request to expand the record.

## IV. MOTION FOR EXTENSION

Finally, on September 10, 2021, Petitioner filed a Motion for Extension of Time "to file his answer and brief in opposition" to Respondent's Answer (filing 42)

and Brief (filing 43). (Filing 52.) Petitioner's motion is now moot in light of the court's ruling on the Supplemental Motions and direction to Respondent to submit an amended answer and supplemental brief. After Respondent files and serves his amended answer and supplemental brief, Petitioner will have 30 days to file and serve his brief in opposition.[4]

IT IS THEREFORE ORDERED that:

1. Petitioner's "Motion [for] Entry of Court Order" (filing 37, Case No. 8:20CV271; filing 35, Case No. 8:20CV272) is denied in part, and granted in part. To the extent Petitioner seeks a court order compelling Respondent to provide him legal copies, his motion is denied. Petitioner is granted leave to file and serve the documents with which he wishes to expand the record. Petitioner shall file and serve said documents within 30 days of the date of this order.

2. The clerk's office is directed to set a pro se case management deadline using the following text: **January 7, 2022**: deadline for Petitioner to file and serve documents to expand the record.

3. Petitioner's "Supplemental Motion[s] for Writ of Habeas Corpus" (filings 45 & 48, Case No. 8:20CV271; filings 43 & 46, Case No. 8:20CV272) are granted in part. Petitioner's claims are amended to include Claim Four and Claim Five as set forth in this Memorandum and Order. Respondent shall respond to Petitioner's claims as set forth in this Memorandum and Order. In all other respects, Petitioner's Supplemental Motions are denied.

4. Respondent shall have until January 25, 2022, to file his amended answer and supplemental initial brief. The clerk's office is directed to set the

---

[4] Petitioner is advised that he must file and serve only a brief in opposition to Respondent's amended answer and briefs in support. An "answer" is not an appropriate or authorized response by Petitioner.

10

following case management deadline: **January 25, 2022**: check for Respondent's amended answer and supplemental initial brief.

5. After Respondent files an amended answer and brief, Petitioner shall have 30 days to file and serve a brief in response.

6. Respondent shall have 30 days after Petitioner's brief is filed to file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

7. Petitioner's "Rule 7 Motion to Expand the Records" (filing 51, Case No. 8:20CV271; filing 49, Case No. 8:20CV272) is denied.

8. Petitioner's Motion for Extension of Time (filing 52, Case No. 8:20CV271; filing 50, Case No. 8:20CV272) is denied as moot.

Dated this 8th day of December, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge