IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>Respondent. | **8:20CV271**<br><br>**MEMORANDUM AND ORDER** |
| ADRIAN MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>Respondent. | **8:20CV272**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on what has been docketed as Petitioner's Motion to Expand the Record (filing 54, Case No. 8:20CV271; filing 52, Case No. 8:20CV272) and Motion for Discovery (filing 55, Case No. 8:20CV271; filing 53, Case No. 8:20CV272). Also before the court is Respondent's Motion to Extend Deadline to File Amended Answer and Supplemental Initial Brief (filing 56, Case

No. 8:20CV271; filing 54, Case No. 8:20CV272).[1] Each motion will be addressed in turn.

## I. MOTION TO EXPAND THE RECORD

Petitioner's Motion to Expand the Record (filing 54) simply appears to be Petitioner's response to the court's December 8, 2021 Memorandum and Order (filing 53) which granted Petitioner leave to file and serve the documents with which he wishes to expand the record. Petitioner's motion attaches several records, including the 2015 evaluation, for the court's review in considering his habeas claims. To the extent Petitioner seeks to have the attached records made part of the court's record for review, Petitioner's motion is granted.

However, to the extent Petitioner seeks relief from the court regarding an alleged confidentiality violation concerning the 2015 evaluation, his motion is denied as such relief is not the proper subject of a federal habeas proceeding. (*See* Filing 54 at CM/ECF p. 3.)

## II. MOTION FOR DISCOVERY

Petitioner purports to bring his Motion for Discovery (filing 55) pursuant to Rule 34 of the Federal Rules of Civil Procedure. However, the court liberally construes Petitioner's motion as a motion to expand the record pursuant to Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts*, as Petitioner asks the court to require Respondent to provide additional state court records. Specifically, Petitioner wants Respondent to provide a verbatim certified transcript of the April 26, 2018 SOCA hearing held before the Douglas County Board of Mental Health because "such transcript is exculpatory material evidence and critical to establish actual innocence and miscarriage of justice by being unlawfully deprieved [sic] of liberty . . . overcoming any procedural default that the

[1] Unless otherwise specified, citations to the record are to the lead case, 8:20CV271.

Respondent claims bars habeas corpus relief under 28 USC 2254." (Filing 55 at CM/ECF p. 5.)

Petitioner requested this same transcript in his previous "Rule 7 Motion to Expand the Records." (Filing 51.) The court denied Petitioner's request, believing that it was for a transcript that had not been prepared given Petitioner's allegations and the available records. (Filing 53 at CM/ECF pp. 8–9.) The court reasoned:

> Upon careful consideration, the court concludes that expansion of the record with a transcript not previously considered by the state appellate courts is not warranted at this time. Respondent's primary argument is that all of Petitioner's claims have been procedurally defaulted, and the court does not address the merits of a procedurally defaulted claim unless a petitioner can overcome the default. Because Petitioner has yet to respond to Respondent's brief in this case, Petitioner has not overcome any such default, nor does he demonstrate how the requested transcript is relevant to any showing of cause or prejudice to overcome any default, particularly since the exhibits considered by the Board and the Board's findings from the April 26, 2018 hearing are already part of the record. (*See generally* Filing 30-2; Filing 30-3.) Accordingly, the court will deny Petitioner's request to expand the record.

(Filing 53 at CM/ECF p. 9.)

Petitioner now alleges that the verbatim transcription of the April 26, 2018 hearing "was indeed prepared and exists" and claims that the transcript is relevant to Petitioner's Claim Two which alleges a due process violation based on the Mental Health Board's refusal to provide Petitioner with a certified hearing transcript. (Filing 55 at CM/ECF pp. 1, 3.) Though the court does not doubt Respondent's averment that he provided "all relevant state court records" and is unaware of any relevant transcripts or bills of exceptions related to Petitioner's state court cases other than those already filed with the Designation of State Court Records in Support of Answer, (filing 42 at CM/ECF pp. 6–7, Answer at ¶¶ 21–22), the court will, out of an abundance of caution, direct Respondent to respond to Petitioner's motion and clarify whether a verbatim transcript of the April 26, 2018 hearing has been

"prepared and exists" and whether said transcript can and/or should be provided to the court.

## III. RESPONDENT'S MOTION FOR EXTENSION

Finally, on January 19, 2022, Respondent filed a Motion to Extend Deadline to File Amended Answer and Supplemental Initial Brief. (Filing 56.) On December 8, 2021, the court ordered Respondent to file an amended answer and supplemental initial brief within 45 days. (Filing 53.) Respondent asks the court to extend the deadline by an additional 45 days to allow Respondent time to review the documents submitted by Petitioner (filing 54) and to potentially file a supplemental designation of state court records containing new documents from the Mental Health Board from the past five months. Respondent's motion is granted, and he shall have until March 11, 2022, to file his amended answer and supplemental initial brief. Respondent shall also have until March 11, 2022, to respond to Petitioner's Motion for Discovery (filing 55), discussed above.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Expand the Record (filing 54, Case No. 8:20CV271; filing 52, Case No. 8:20CV272) is denied in part, and granted in part. To the extent Petitioner seeks relief from the court regarding an alleged confidentiality violation, his motion is denied. To the extent Petitioner seeks to have the records attached to his motion made part of the court's record for review, Petitioner's motion is granted.

2. The clerk's office is directed to restrict Petitioner's Motion to Expand the Record (filing 54, Case No. 8:20CV271; filing 52, Case No. 8:20CV272) as the filing contains confidential information.

3. On or before March 11, 2022, Respondent shall file a response to Petitioner's Motion for Discovery (filing 55, Case No. 8:20CV271; filing 53, Case

No. 8:20CV272), which the court construes as a Rule 7 motion to expand the record. Respondent may attach additional records to his response or incorporate any additional records in a supplemental designation if he deems appropriate. The court will reserve ruling on Petitioner's motion until after receipt of Respondent's response.

4. Respondent's Motion to Extend Deadline to File Amended Answer and Supplemental Initial Brief (filing 56, Case No. 8:20CV271; filing 54, Case No. 8:20CV272) is granted. Respondent shall have until March 11, 2022 to file an amended answer and supplemental initial brief.

5. The clerk's office is directed to set a pro se case management deadline using the following text: **March 11, 2022**: deadline for Respondent's amended answer, supplemental initial brief, and response to Petitioner's Motion for Discovery.

Dated this 1st day of February, 2021.

BY THE COURT:

Richard G. Kopf

Richard G. Kopf
Senior United States District Judge