IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>Respondent. | **8:20CV271**<br><br><br>**MEMORANDUM AND ORDER** |
| ADRIAN MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>DON WHITMIRE, Acting Hospital Administrator,<br><br>Respondent. | **8:20CV272**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Petitioner's Motion for Discovery (filing 55, Case No. 8:20CV271; filing 53, Case No. 8:20CV272). On February 1, 2022, the court entered a Memorandum and Order (filing 57, Case No. 8:20cv271; filing 55, Case No. 8:20cv272) in which it construed Petitioner's motion as one to expand the record pursuant to Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts* and directed Respondent to file a response. On March

14, 2022, Respondent filed his Response (filing 64, Case No. 8:20CV271; filing 62, Case No. 8:20CV272) and Index of Evidence in Support of his Response (filing 65, Case No. 8:20CV271; filing 63, Case No. 8:20CV272).[1]

In his motion, Petitioner asked the court to require Respondent to provide a verbatim certified transcript[2] of the April 26, 2018 SOCA hearing held before the Douglas County Board of Mental Health ("Mental Health Board") because "such transcript is exculpatory material evidence and critical to establish actual innocence and miscarriage of justice by being unlawfully deprieved [sic] of liberty . . . overcoming any procedural default that the Respondent claims bars habeas corpus relief under 28 USC 2254." (Filing 55 at CM/ECF p. 5.) Contrary to the court's earlier conclusion (*see* filing 53 at CM/ECF pp. 8–9), Petitioner alleged the transcript "was indeed prepared and exists" and that Respondent was obligated to provide it as part of his responsibility to provide "all relevant state court records." (Filing 55 at CM/ECF pp. 3, 4.)

In his response, Respondent clearly demonstrates that neither he nor the Mental Health Board is in possession of, or has reason to believe, a verbatim transcript of the April 26, 2018 hearing has been prepared or exists. The Declarations of the Board of Mental Health Supervisor Clerk, Cheryl Florez, establish that a Praecipe for Bill of Exceptions was not filed at any time after the April 26, 2018 hearing and no bill of exceptions/transcript was prepared or submitted to the Mental Health Board or the Douglas County District Court. (Filing 30-1 at CM/ECF p. 2, ¶ 5; Filing 65-1 at CM/ECF pp. 2–3, ¶¶ 4, 6–8.) Indeed, Ms. Florez, in her capacity as the Supervisor Clerk of the Mental Health Board, informed Petitioner in a January

---

[1] Unless otherwise specified, citations to the record are to the lead case, 8:20CV271.

[2] As Respondent points out (filing 64 at CM/ECF p. 3), the term, "transcript" or "verbatim transcription," as used by Petitioner, refers to what is known as the "bill of exceptions" under Nebraska state law. *See* Neb. Rev. Stat. § 25-2732 (transcription of testimony in all civil and criminal cases certified by the court reporter who made it and settled by the court is called the bill of exceptions in the case). The court will likewise refer to a bill of exceptions as a "transcript."

2

24, 2020 letter that there was no transcript of his hearing and that transcripts are made by request to the court reporter, that there is a cost in procuring such transcripts, and provided Petitioner the name and contact information of the court reporter at his hearing. (Filing 30-1 at CM/ECF p. 3, ¶ 7; Filing 30-5 at CM/ECF p. 5.)

Because a verbatim transcript of the April 26, 2018 has not been prepared and does not exist, the court will deny Petitioner's motion to expand the record pursuant to Rule 7 for the reasons previously stated. Namely,

> Upon careful consideration, the court concludes that expansion of the record with a transcript not previously considered by the state appellate courts is not warranted at this time. Respondent's primary argument is that all of Petitioner's claims have been procedurally defaulted, and the court does not address the merits of a procedurally defaulted claim unless a petitioner can overcome the default. Because Petitioner has yet to respond to Respondent's brief in this case, Petitioner has not overcome any such default, nor does he demonstrate how the requested transcript is relevant to any showing of cause or prejudice to overcome any default, particularly since the exhibits considered by the Board and the Board's findings from the April 26, 2018 hearing are already part of the record. (*See generally* Filing 30-2; Filing 30-3.)

(Filing 53 at CM/ECF p. 9.) The court reiterates that Petitioner has failed to demonstrate the transcript's relevance to any showing of cause or prejudice to overcome any procedural default, nor has Petitioner demonstrated how the transcript is relevant to a showing of "actual innocence." Petitioner claims the transcript is "relevant [sic] to Petitioner's claim in general to establish actual innocence and miscarriage of justice" (filing 55 at CM/ECF p. 4), but "general" relevance is insufficient to require production of a transcript that was not previously prepared or considered by any lower state court, particularly where the Mental Health Board's findings and exhibits are in the record.

IT IS THEREFORE ORDERED that: Petitioner's Motion for Discovery (filing 55, Case No. 8:20CV271; filing 53, Case No. 8:20CV272), construed as a motion to expand the record pursuant to Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts*, is denied.

Dated this 28th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4